UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

JOSEPH NICHOLAS KLINE,      )
                            )
            Plaintiff,      )     Case No. 1:06-cv-776
                            )
v.                          )     Honorable Robert Holmes Bell
                            )
STATE OF MICHIGAN,          )
                            )     **MEMORANDUM OPINION**
            Defendant.      )
_____)

       This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge, issued on December 5, 2006. In the report and recommendation, the magistrate judge concluded that plaintiff's civil rights action, in which he seeks to challenge his conviction in the Oakland County Circuit Court for third-degree criminal sexual conduct is subject to dismissal on three grounds: (1) the only named defendant, the State of Michigan, is absolutely immune from suit; (2) plaintiff's challenge to the fact or duration of his confinement by reason of a criminal conviction must be brought by habeas corpus petition, after exhaustion of all state remedies; and (3) plaintiff's challenge to the constitutionality of the statute of conviction under state-law principles cannot be entertained in the federal courts. In response to these conclusions, plaintiff principally argues that the defendant is not entitled to qualified immunity, an issue that the magistrate judge did not raise. Plaintiff goes on to argue that he should be paid $50,000 a day because of false imprisonment under an unconstitutional law. Timely objections to

a report and recommendation by magistrate judge are subject to *de novo* review in the district court. FED. R. CIV. P. 72(b).

As a result of this court's *de novo* review of the matter, the court concludes that plaintiff's complaint is indisputably meritless, and that each of the grounds for dismissal cited by the magistrate judge provides an independent basis for determining that plaintiff fails to state a claim upon which relief can be granted. Furthermore, now that plaintiff has made it clear that he seeks money damages arising from a criminal conviction, a further bar to his claim becomes apparent. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that the federal courts may not entertain a civil action for money damages arising from a criminal conviction until that conviction has been set aside on direct appeal or collateral review. Plaintiff does not allege that his conviction has been set aside. Accordingly, the rule of *Heck v. Humphrey* provides further grounds for dismissing this lawsuit, to the extent that plaintiff seeks an award of money damages.

A judgment of dismissal will be entered.

Date:   December 19, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE