UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JOSEPH NICHOLAS KLINE, | |
| Plaintiff, | Case No. 1:06-cv-776 |
| v. | Honorable Robert Holmes Bell |
| STATE OF MICHIGAN, | |
| Defendant. | **MEMORANDUM OPINION** |

This was a civil rights action brought by a state prisoner for a declaratory judgment invalidating the criminal statute under which plaintiff was convicted and for which he is now serving a prison term. By memorandum opinion and judgment entered December 19, 2006, the court overruled plaintiff's objections to the report and recommendation of the magistrate judge and determined that the complaint and amended complaint should be dismissed, on several independent grounds. First, the court concluded that the only named defendant, the State of Michigan, is immune from suit under Eleventh Amendment principles. Second, the court found that plaintiff's challenge to the validity of the state criminal sexual conduct act failed to state a federal claim, to the extent that plaintiff's arguments rely on matters of state law. Finally, the court held that a civil rights action is an inappropriate vehicle for challenging a criminal conviction, which may only be pursued by petition for habeas corpus relief after exhaustion of all state remedies.

On January 8, 2007, plaintiff filed a motion for reconsideration. A district court's judgment is generally subject to challenge only by two procedural devices. First, a party may seek

to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion must be filed within ten days of the entry of judgment. That ten-day period, excluding intervening weekends and holidays, expired on January 4, 2007. Plaintiff's motion was not filed until January 8, 2007. As an incarcerated prisoner, plaintiff is entitled to the benefit of the "mailbox rule," pursuant to which a prisoner's pleading is deemed filed when it is handed to prison officials for mailing with proper postage affixed. *See Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff has not, however, provided this court with a proof of service or any other indication of the date upon which his motion was handed to prison officials. Indeed, the motion itself is undated. To be entitled to invoke the benefit of the mailbox rule, an inmate must establish timely filing by a declaration in compliance with 28 U.S.C. § 1746 or other notarized statement, disclosing the date of the deposit and the fact that first-class postage had been prepaid. *See Price v. Philpot*, 420 F.3d 1158, 1165 n.6 (10th Cir. 2005); *Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir. 2001); *United States v. Adkins*, No. 1:01-CR-276, 2005 WL 1308055, at * 1 (W.D. Mich. May 27, 2005); FED. R. APP. P. 4(c)(1). Plaintiff has not complied with this requirement, and the court is therefore unable to conclude that his motion for reconsideration was posted in a timely manner. In the absence of proof that a post-judgment motion has been filed within the mandatory ten-day period, the district court is powerless to treat the motion under Rule 59(e). *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *see also Allen v. Hemingway*, 24 Fed. App'x 346, 347 (6th Cir. 2001) (Rule 59(e)'s 10-day limit "is mandatory and jurisdictional and cannot be extended.").

      The other method of challenging a judgment is by motion for relief from judgment under Fed. R. Civ. P. 60(b). "Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "'As a

prerequisite to relief under Rule 60(b), a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) [to] warrant relief from judgment.'"). *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Plaintiff has not carried his burden. The court discerns no basis for relief in this case under Rule 60(b). Plaintiff's motion for reconsideration seeks leave to amend his complaint to name Jennifer Granholm as a defendant and to withdraw the claim for monetary damages. If the amendment were allowed, it could overcome the Eleventh Amendment immunity issue, but none of the other fatal deficiencies in plaintiff's claim. Even if Governor Granholm were the defendant, the fact remains that plaintiff is attempting to challenge the validity of his conviction by civil rights action and not by the appropriate habeas corpus petition. Plaintiff's semantic quibble that he is not challenging his conviction but merely is challenging "the passing of the state law" is both nonsensical and unavailing. Plaintiff's papers make it obvious that the gravamen of his challenge is to the fact of his conviction under an allegedly invalid law. A federal forum is available to plaintiff to raise this contention only by habeas corpus petition, after exhaustion of all state remedies. Consequently, even if plaintiff were allowed to amend his complaint to add the Governor and delete all claims for monetary damages, the amendment would be futile as it would not save his case from dismissal.

       Plaintiff's motion for reconsideration will therefore be denied.

Date:   January 25, 2007                /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT JUDGE